**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISA KOERNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-01100 |
| ) | |
| ILLINOIS ENVIRONMENTAL ) | Hon. Judge Georgia N. Alexakis |
| COUNCIL, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Illinois Environmental Council ("IEC" or "Defendant") submits the following as its Answer and Affirmative Defenses to Plaintiff Lisa Koerner's ("Plaintiff") Complaint (the "Complaint") for an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"):

### Introduction[1]

1. Plaintiff is a lobbyist with almost a decade of experience. Plaintiff began work for Illinois Environmental Council ("IEC"), an environmental advocacy organization, on June 15, 2023, as a Government Affairs Director. Plaintiff's employment with IEC qualified her for student loan relief – Plaintiff had accumulated significant debt from her law school education, for which the loan debt relief was important. At the time of her hire, Koerner informed the executive director of her desire to raise a family to which the Executive Director responded, "That's fine, as long as you don't give birth during [legislative] session."

**ANSWER:** Defendant admits that it is an "environmental advocacy organization" and that Plaintiff's employment with IEC as "Government Affairs Director" "began . . . on [or around] June 15, 2023." Defendant further admits that Plaintiff "informed the [E]xecutive [D]irector of her

---

[1] Defendant's Answer restates the headings and subheadings used in Plaintiff's Complaint for the convenience of the reader only. Defendant neither admits, adopts, nor acknowledges the accuracy or truthfulness of any statement or characterization in any such restated headings.

desire to raise a family." Defendant lacks information or knowledge sufficient to establish a belief as to the truth of the allegations that "Plaintiff is a lobbyist with almost a decade of experience" and that "Plaintiff's employment with IEC qualified her for student loan relief – Plaintiff had accumulated significant debt from her law school education, for which the loan debt relief was important." Defendant denies the remaining allegations set forth in Paragraph 1.

2.  In October of 2023 Koerner told her Executive Director she was pregnant and would be due in Spring of 2024. The Executive Director complained that Plaintiff's due date would interfere with an upcoming legislative session. In December of 2023, after learning that Plaintiff would give birth during the legislative session, the Executive Director told IEC's Human Resources Director she wanted to terminate Plaintiff. The Executive Director pushed Plaintiff to interrupt her leave and continue it later to accommodate the legislative calendar. Three months prior to Plaintiffs [*sic*] due date, the Executive Director also complained that Plaintiff did not have child-care plans. Plaintiff was eight months pregnant when the Executive Director fired her. This complaint for pregnancy discrimination follows.

**ANSWER:** Defendant admits that Plaintiff told Executive Director Jennifer Walling ("Executive Director Walling") in or around October of 2023 that Plaintiff "was pregnant and would be due in Spring of 2024." Defendant further admits that Executive Director Walling terminated Plaintiff's employment several months later for reasons unrelated to pregnancy. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation that "Plaintiff was eight months pregnant" at the time of her discharge. Defendant denies the remaining allegations set forth in Paragraph 2.

**Parties**

3.  Plaintiff, Lisa Koerner ("Koerner" or "Plaintiff"), is a citizen of the United States and of the State of Illinois who at all relevant times resided within the territorial jurisdiction of the United States District Court for the Northern District of Illinois. At all relevant times she was an employee as defined by 42 U.S.C. §2000(f) [*sic*] *et seq.*

**ANSWER:** Defendant admits that Plaintiff represented that she was "a citizen of the United States and of the State of Illinois" and "resided within the territorial jurisdiction of the United States District Court for the Northern District of Illinois" while employed by IEC.

Defendant admits that, when she was employed by IEC, Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f). Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 as to the undefined phrase "at all relevant times."

4. Defendant Illinois Environmental Council (hereinafter "IEC") is a corporation that at all relevant times regularly conducted business within the territorial jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division. During all times relevant hereto, Defendant was a covered employer under Title VII of the Civil Rights Act of 1964 in accordance with 42 U.S.C. §2000(b) [*sic*] *et seq.* (of which the Pregnancy Discrimination Act is a subset).

**ANSWER:** Defendant admits that it is a not-for-profit corporation that "conduct[s] business within the territorial jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division." Defendant further admits that it is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and that the PDA amended Title VII. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 as to the undefined phrases "at all relevant times" and "[d]uring all times relevant hereto."

**Jurisdiction**

5. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission, Charge No. 440-2024-07026, on or about April 15, 2024, alleging violations of the [*sic*] Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000e *et esq.* (of which the Pregnancy Discrimination Act is a subset).

**ANSWER:** Defendant admits that it received notice of a Charge of Discrimination ("Charge"), Charge No. 440-2024-07026, filed by Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about April 15, 2024 that alleged violations of Title VII. Defendant denies that it violated any law enforced by the EEOC with respect to Plaintiff, including Title VII, as amended by the PDA, and that Plaintiff had any basis for filing the Charge. Defendant denies the remaining allegations set forth in Paragraph 5.

3

6. The EEOC issued a Notice of Right to Sue on Charge No. 440-2024-07026 on or about January 29, 2025.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 6.

7. This Complaint is filed within 90 days of the issuance of that Notice of Right to Sue and is therefore timely filed.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 7.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this claim involves a federal question brought under 42 U.S.C. §2000e *et seq.* (of which the Pregnancy Discrimination Act is a subset).

**ANSWER:** Defendant admits the allegations set forth in Paragraph 8.

## Venue

9. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because at all relevant times, Defendant regularly conducted business in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:** Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that "Defendant regularly conducted business in this District." Defendant denies that any "events or omissions giving rise to the claim occurred in this District." Defendant denies the remaining allegations set forth in Paragraph 9.

## Alleged Facts According To Plaintiff

10. Koerner is a law school graduate and an attorney licensed by the State of Illinois.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 10.

11. Koerner accumulated significant student loans from law school.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. Prior to joining IEC, Koerner had seven years' experience as a lobbyist.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. Koerner worked for IEC as a lobbyist from June 15, 2023, until February 29, 2024.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 13.

14. Plaintiff's employment with IEC qualified her for educational student loan relief through the Public Student Loan Forgiveness Act after working for 10 years for a government agency or non-profit organization.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. During the interview process, Plaintiff informed IEC's Executive Director Jennifer Walling that she was trying to get pregnant.

**ANSWER:** Defendant admits that Plaintiff informed Executive Director Walling that she was trying to get pregnant.

16. Walling told Koerner that she, Walling, had no children.

**ANSWER:** Defendant admits that Executive Director Walling does not have children. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegation that Executive Director Walling had a conversation with Plaintiff in which Executive Director Walling told Plaintiff that she does not have children.

17. Koerner relayed to Walling that she suffered a miscarriage in the past.

**ANSWER:** Defendant admits that Plaintiff told Executive Director Walling that she had been trying to get pregnant. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17.

18. Walling told Koerner not to have a baby in May which would interfere with the legislative calendar.

**ANSWER:** Defendant admits that Executive Director Walling informed Plaintiff that legislative sessions typically end in May when the Illinois General Assembly adjourns. Defendant denies the remaining allegations set forth in Paragraph 18.

19. Walling complained to Koerner and other employees that she had been forced to pay another employee to "pop out a baby every summer."

**ANSWER:** Defendant admits that other employees have given birth while employed with IEC. Defendant denies the remaining allegations set forth in Paragraph 19.

20. Walling told Koerner that IEC could not offer good maternity leave because grantors and donors were not paying employees to have babies.

**ANSWER:** Defendant admits that Executive Director Walling has spoken with IEC's employees about the importance of IEC raising funds to pay for operating expenses, including paid leaves of absence, because IEC cannot use grant money, which is its primary financial source, to pay for such expenses. Defendant denies the remaining allegations set forth in Paragraph 20.

21. In November of 2023, during a leadership meeting, Koerner officially announced her pregnancy to everyone at work and was met with congratulatory comments.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 21.

22. Walling became distressed as others became excited about Koerner's pregnancy and Koerner expressed an intent to take a full 12 weeks of maternity leave.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 22.

23. In December of 2023, Walling told the HR Director she wanted to terminate Koerner.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 23.

24. The HR Director told Walling that Koerner had no performance issues to justify terminating Koerner.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 24.

25. Walling asked Koerner if she was on any waiting lists for day-cares [*sic*].

**ANSWER:** Defendant admits that Executive Director Walling believes she discussed with Plaintiff that daycares often have long waiting lists and whether Plaintiff had joined any such waiting lists.

26. Koerner indicated she did not have childcare plans yet.

**ANSWER:** Defendant admits that Plaintiff told other employees that "she did not have childcare plans" while employed with IEC. Defendant denies that Plaintiff told Executive Director Walling that she did not have childcare plans as part of the alleged conversation referenced in Paragraphs 25 through 28 of the Complaint. Defendant denies the remaining allegations set forth in Paragraph 26.

27. Walling told Koerner she had fired another employee due to lack of childcare plans.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 27.

28. Walling complained to the Human Resources Director that three months prior to giving birth Koerner did not have childcare plans.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 28.

29. Walling wanted Plaintiff to suspend her maternity leave so as not to interfere with the May 2024 legislative calendar.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 29.

30. Walling told Koerner she preferred if Koerner would come back to work in May of 2024 (i.e., split her maternity leave into three weeks on leave, five weeks back at work, and then take up to an additional six weeks of maternity leave).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 30.

31. IEC's Chief of staff [*sic*] and Human Resources Director advised Koerner not to forgo her leave.

**ANSWER:** While Defendant admits that it encourages its employees to utilize the paid maternity leave it offers, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations concerning alleged conversations between its former Human Resources Director and Plaintiff.

32. Koerner told Walling that she did not want to split or forgo her maternity leave.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 32.

33. On or about February 22, 2024, Walling yelled at and criticized Koerner in front of a state representative.

**ANSWER:** Defendant admits that, on or around February 22, 2024, Executive Director Walling discussed Plaintiff's performance with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 33.

34. Koerner felt humiliated and reported the incident to the Chief of Staff.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34.

35. Walling complained that Koerner had "pregnancy brain."

**ANSWER:** Defendant denies the allegations set forth in Paragraph 35.

36. On or about February 29, 2024, Walling fired Koerner.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 36.

37. Koerner was eight months pregnant at the time.

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.

**DEMAND FOR RELIEF**

38. Plaintiff restates and realleges paragraphs 1 through 37 of this Demand for Relief.

**ANSWER:** Defendant restates and incorporates its Answers to Paragraphs 1 through 37 of Plaintiff's Complaint as if fully set forth herein.

39. By virtue of the foregoing, Defendant discriminated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964. [*sic*] 42 U.S.C. § 2000e *et seq.* (of which the Pregnancy Discrimination Act is a subset).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 39.

40. As a result of this violation, Plaintiff suffered damages of both a pecuniary and non-pecuniary nature.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 40.

41. Defendant's violation was wanton and malicious warranting the imposition of punitive and exemplary damages.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 41.

**DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Without prejudice to the denials set forth in its Answer, and without admitting any allegations of Plaintiff's Complaint not otherwise specifically admitted above, Defendant sets forth the following Affirmative Defenses to Plaintiff's Complaint:

1. Defendant terminated Plaintiff's employment for legitimate, non-discriminatory reasons.

2. Plaintiff's claim fails because Defendant would have taken the same actions with respect to Plaintiff regardless of her protected characteristic(s).

3. If Plaintiff suffered any damages, such damages were caused, in whole or in part, by Plaintiff's own conduct, acts, or omissions.

4. Plaintiff is obligated to mitigate her alleged damages with respect to claims for monetary relief, and Plaintiff's claims should be barred or, in the alternative, reduced to the extent that Plaintiff failed to mitigate her alleged damages.

5. Plaintiff's claim is barred to the extent Plaintiff did not timely, properly, and fully exhaust her administrative remedies or satisfy the administrative prerequisites to bring suit under Title VII.

6. Plaintiff's allegations are barred to the extent they extend beyond the scope of her Charge filed with the EEOC, Charge No. 440-2024-07026.

7. Even if Plaintiff could establish liability under Title VII, Defendant cannot be liable for compensatory or punitive damages because any alleged wrongful conduct was contrary to

Defendant's good faith efforts to comply with Title VII, including, but not limited to, by establishing an anti-discrimination policy.

8. Defendant is not subject to liability for punitive damages under Title VII because the alleged acts or omissions do not rise to the level required to sustain an award for punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights, are not so wanton and willful as to support an award for punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

9. At all times relevant to this lawsuit, Defendant acted in good faith with regard to Plaintiff and had reasonable grounds for believing that its actions were not in violation of any law.

10. Any alleged compensatory and punitive damages are limited by Title VII's statutory cap for small employers.

11. This action is frivolous, unreasonable, unfounded, and groundless, and Defendant is entitled to its attorneys' fees and costs associated with its defense of this action.

WHEREFORE, Defendant Illinois Environmental Council denies each and every allegation not expressly admitted herein, including Plaintiff's request for relief, and respectfully requests the Court dismiss Plaintiff's Complaint with prejudice, award Defendant its attorneys' fees and costs reasonably incurred in defending against this action, and grant such further relief as the Court deems just and proper.

Dated: April 21, 2025

Respectfully submitted,

**ILLINOIS ENVIRONMENTAL COUNCIL**

By: _s/Samantha Damewood_
        One of Its Attorneys

Brian K. Jackson
Samantha Damewood
Laner Muchin, Ltd.
515 North State Street, Suite 2400
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
bjackson@lanermuchin.com
sdamewood@lanermuchin.com

## **CERTIFICATE OF SERVICE**

I, Samantha Damewood, an attorney, hereby certify that on April 21, 2025, I caused the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint** to be filed in the above-captioned matter and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system.

>Aaron B. Maduff
>Barrett & Farahany
>77 West Wacker Drive, Suite 4500
>Chicago, Illinois 60601
>aaron@justiceatwork.com

>_s/Samantha Damewood_____
>Samantha Damewood